UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR SWAIT,<br>   Petitioner<br>  v.<br>R. GROOMS, Warden,<br>   Respondent. | Case No. CV 16-7086-DOC (GJS)<br><br>ORDER: SUMMARILY DISMISSING SUCCESSIVE HABEAS PETITION; DENYING A CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION TO NINTH CIRCUIT PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

On September 21, 2016, Petitioner filed a habeas petition, using the Central District form for habeas petitions pursuant to 28 U.S.C. § 2254 ("Petition"). The instant Petition purports to be a motion for relief from judgment brought under Rule 60(b)(6). [Dkt. 1, 2.] The Petition stems from Petitioner's Los Angeles County Superior Court conviction and sentence sustained in 2002, in Case No. SA044542 (the "State Conviction"). Petitioner has filed numerous prior Section 2254 petitions challenging the State Conviction. The instant Petition raises seven claims, including claims based on (1) alleged prosecutorial misconduct/trial court error involving a recording of Petitioner's voice that was played for the jury, and (2) ineffective assistance of counsel for failing to suppress the recording and failing to proffer evidence showing Petitioner never consented to the recording. Some of the alleged

claims were raised previously in this Court in SACV 07-05766-ABC (AN), an action that was dismissed on November 19, 2007. The instant Petition, although labeled a Rule 60(b) motion, plainly is, in substance, an unauthorized second or successive attempt to seek habeas relief, and must be treated accordingly. *Gonzalez v. Crosby*, 545 U.S. 2641, 2647-48 (2005).

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## BACKGROUND

On August 19, 2007, Petitioner filed a Section 2254 petition in this District, Case No. SACV 07-05766-ABC (AN) (the Prior Action),[1] which raised two claims challenging the State Conviction. On November 19, 2007, Judgment was entered denying the Prior Action on its merits and as time-barred, and dismissing the case with prejudice. Petitioner appealed, and on June 17, 2010, the Ninth Circuit denied a certificate of appealability.

Thereafter, Petitioner filed at least six Section 2254 petitions in this District in which he continued to challenge the State Conviction. They were all dismissed without prejudice on the ground that they were repetitive, frivolous, and/or unauthorized second or successive petitions. *See* Case Nos.: SACV 08-04478-ABC (AN) (dismissed August 28, 2008); SACV 08-04603-ABC (AN) (dismissed August

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior actions in this District Court and the United States Court of Appeals for the Ninth Circuit. The Court notes that Petitioner filed an earlier Section 2254 petition on March 9, 2005, in Case No. SACV 05-01732-ABC (AN). That petition was dismissed without prejudice on June 8, 2006, for lack of exhaustion.

27, 2008); SACV 08-04846-ABC (AN) (dismissed August 27, 2008); SACV 08-04982-ABC (AN) (dismissed August 27, 2008); SACV 08-05821-ABC (AN) (dismissed September 22, 2008); and SACV 14-08227-DOC (AN) (dismissed November 12, 2014).

The Ninth Circuit's dockets show that on July 13, 2015, Petitioner filed an application seeking leave to file a second or successive Section 2254 petition. (*See* Ninth Circuit Case No. 15-72134.) On November 23, 2015, the Ninth Circuit denied that application. Ten months later, Petitioner filed the instant Petition.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

The prior disposition is considered to have been made "on the merits" if the district court either considered and rejected the claims in the earlier petition, or determined that they would not be considered by a federal court. *McNabb*, 576 F.3d at 1029. Consequently, in addition to cases where the prior petition was actually denied on the merits, a subsequent petition is considered "second or successive" if a prior petition was dismissed with prejudice as untimely or procedurally defaulted, because both of these types of dismissals present permanent and incurable bars that foreclose the possibility that the underlying claims will be addressed by the federal court. *Id.* at 1029-30.

3

|   |   |
|---|---|
| 1 | Even when Section 2244(b) provides a basis for pursuing a second or |
| 2 | successive Section 2254 habeas petition, state habeas petitioners seeking relief in |
| 3 | this district court must *first* obtain authorization from the Ninth Circuit before filing |
| 4 | any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit |
| 5 | "may authorize the filing of the second or successive [petition] only if it presents a |
| 6 | claim not previously raised that satisfies one of the two grounds articulated in § |
| 7 | 2242(b)(2)." *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). |
| 8 | In the Prior Action, Petitioner sought Section 2254 relief based on the State |
| 9 | Conviction at issue here.  The Prior Action petition was denied on its merits and for |
| 10 | being untimely, and was dismissed with prejudice.  Accordingly, the current Petition |
| 11 | is second or successive within the meaning of Section 2244(b). |
| 12 | At least two of the claims alleged in the instant Petition were raised in the |
| 13 | Prior Action and already resolved adversely to Petitioner, and thus, Section |
| 14 | 2244(b)(1) bars Petitioner from raising them again.  While it appears that the |
| 15 | remaining claims alleged in the Petition could have been raised in the Prior Action, |
| 16 | whether or not these additional claims satisfy the requisites of 28 U.S.C. § |
| 17 | 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, |
| 18 | not this District Court.  Petitioner, however, has not obtained permission from the |
| 19 | Ninth Circuit to bring a second or successive Section 2254 petition raising the |
| 20 | claims alleged in the instant Petition.  This Court thus lacks jurisdiction to consider |
| 21 | the Petition.  28 U.S.C. § 2244(b); *see also Burton*, 127 S. Ct. at 799 (district court |
| 22 | lacks jurisdiction to consider the merits of a second or successive petition absent |
| 23 | prior authorization from the circuit court). |
| 24 | Accordingly, IT IS ORDERED that:  the Petition is DISMISSED; and |
| 25 | Judgment shall be entered dismissing this action without prejudice. |
| 26 | In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 |
| 27 | Cases in the United States District Courts, the Court has considered whether a |
| 28 | certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); |

*Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

    IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

**IT IS SO ORDERED.**

DATED: September 28, 2016    _____
                                         DAVID O. CARTER
                                         UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE